IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Randall S. Ferman<br><br>and<br><br>Extreme Hunting Solutions, LLC<br><br>     Plaintiffs,<br><br>vs.<br><br>Jenlis, Inc.<br><br>and<br><br>Daniel S. Amundson<br><br>     Defendants. | CASE NO.: _____ |

## COMPLAINT

Plaintiffs, Randall S. Ferman ("Ferman") and Extreme Hunting Solutions, LLC ("Extreme Hunting") (collectively "Plaintiffs"), hereby state their complaint against Defendants, Jenlis, Inc. ("Jenlis") and Daniel S Amundson ("Amundson") (collectively "Defendants"), as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

2. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Iowa and in this judicial district, the acts of infringement complained of herein occurred in the State of Iowa and in this judicial

district, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of Iowa and in this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

## THE PARTIES

5. Randall S. Ferman is an Iowa resident, residing at 30401 Hwy T-20, Cincinnati, Iowa 52549.

6. Ferman is a designer and retailer of hunting and outdoor products, and author of the copyrighted work entitled "No Trespassing signs with pictures of wireless surveillance cameras with no antenna mounted on the side, and antenna mounted on the top of the camera" (the "Work") and a legal and/or beneficial owner of a copyright interest in and to the Work.

7. Extreme Hunting Solutions, LLC is an Iowa limited liability company, having a principal address of 22197 230th Ave, Centerville, Iowa 52544.

8. Upon information and belief, Defendant Jenlis Inc. is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 902 East Second Street Suite 327, Winona, MN 55987. Jenlis does business throughout the United States, including in this judicial district. Jenlis is engaged in the business of, among other things, product development, and sales of products, including "No Hunting" signs.

9. Upon information and belief, Defendant Daniel S. Amundson is a Minnesota resident, residing at 24456 County Road 9, Winona, MN 55987.

10. Upon information and belief, Amundson is Chief Executive Officer of Jenlis.

## GENERAL AVERMENTS

11. Plaintiff Ferman is the author the Work and owner of Plaintiff Extreme

Hunting.

12. Plaintiff Extreme Hunting is the owner, by assignment, of the copyright in the Work.

13. Plaintiff Ferman registered Copyright Registration No. TX 8-030-204 in the Work on or about January 16, 2015. A true and correct copy of the copyright registration is attached hereto as Exhibit A.

14. Plaintiff Ferman created the Work in 2014 and first published the Work in the United States on or about December 1, 2014.

15. Plaintiffs have distributed the Work nationally since 2014.

16. On or about January 14, 2016, it came to Plaintiffs' attention that Defendants and/or their agents created and were offering for sale a No Trespassing sign with a wireless camera (the "Jenlis Sign"), substantially similar to the Work, without license, authorization, permission, or consent from Plaintiffs to use the Work.

17. The Jenlis Sign includes wording, a two-toned colored background, and a depiction of a trail camera all substantially similar to those embodied in the Work.

18. Defendants had access to the Work prior to Defendants' creation of the Jenlis Sign.

19. In fact, on or about January 27, 2016 Plaintiffs, through their attorney, provided written notice (attached hereto as Exhibit "B") to Defendant Jenlis that the Jenlis Sign constitutes infringement of Plaintiffs' rights and demanded that Jenlis immediately cease and desist from any further use of the Jenlis Sign.

20. Plaintiffs are entitled to injunctive relief and redress for Defendants' willful, intentional and purposeful use and exploitation of the Jenlis Sign for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiffs' rights.

## COUNT I - COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106 and 501)

21. Plaintiffs incorporate herein by this reference each and every averment contained in paragraphs 1 through 20, inclusive.

22. Through their conduct averred herein, Defendants have infringed Plaintiffs' copyright in the Work in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

23. Recognizing the success of Plaintiffs' copyrighted Work, Defendants, in a brazen and improper effort to capitalize on Plaintiffs' hard-earned success, have created, marketed, and sold (or caused to be created, marketed, and sold) a sign that prominently features significant portions of Plaintiffs' Work without authorization from Plaintiffs. A copy of Defendants' infringing sign is attached as Exhibit "C."

24. Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiffs.

25. Defendants may not continue to exploit Plaintiffs' copyrighted Work without authorization from Plaintiffs. Defendants' conduct must immediately be stopped and Plaintiffs must be compensated for Defendants' willful acts of infringement.

26. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

27. As a direct and proximate result of said infringement by Defendants, Plaintiffs are entitled to damages in an amount to be proven at trial.

28. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

29. Plaintiffs further are entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

30. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to

infringe Plaintiffs' rights in the Work. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For any and all damages in such amount as may be found, or as otherwise permitted by law sustained by Plaintiffs, in a sum no less than $500,000.00

2. For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright in the Work.

3. For all of Defendants' profits wrongly derived from the infringement of Plaintiffs' intellectual property in an amount no less than $100,000.00

4. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Work.

5. For prejudgment interest according to law.

6. For Plaintiffs' attorneys' fees, costs, and disbursements in this action.

Dated: March 18, 2016                    Respectfully submitted,


By: ___/s/ Brett J. Trout___
    Brett J. Trout, AT0008075
    Brett J. Trout, P.C.

516 Walnut St.
Des Moines, IA 50309
Tel: (515)280-1939
Fax: (515)280-7114
trout@BrettTrout.com

*ATTORNEY FOR PLAINTIFFS*
*RANDALL S. FERMAN*
*EXTREME HUNTING SOLUTIONS, LLC*